WAY, TITUS & CO. v. IRA PIERCE ; ALMA PIERCE, Trustee, and EZEKIEL KENT, Claimant.

*Trustee Process.   Husband and  Wife.*

I. sold and conveyed to A. his interest as heir in his mother's real estate, his wife joining in the conveyance. Notes for part of the purchase-money were executed and delivered to the wife. The wife delivered the notes to K., pursuant to a previous promise, in payment for necessaries before then furnished her and her husband. I's creditor brought suit against I., summoning A. as trustee, and K. appeared as claimant. *Held*, that the trustee was not chargeable; that the only right defendant ever had in the notes was, to reduce them to possession as the wife's choses in action before they were delivered to the claimant, and that the claimant was entitled to the fund.

TRUSTEE PROCESS.   A commissioner was appointed who reported the following facts :

On February 2, 1877, the defendant, who was and long had been in ill health and destitute circumstances, sold and conveyed to his sister, the trustee, his interest as heir in their mother's estate, for the sum of $250, the sum of $75 being paid down, and the trustee giving her two promissory notes secured by mortgage on the land so sold for the balance.   The notes and mortgage were drawn in favor of and delivered to the defendant's wife, who otherwise would not have joined in the conveyance. On the next day the wife delivered the notes to the claimant, who had furnished her and the defendant a cow, a pig, and house-room, money and provisions, of a value greater than the amount of the notes, on their promise to repay him out of the proceeds of their interest in said land.   At the time of said conveyance the

agreement with the claimant was talked of, and the statement was made in presence of the trustee that the claimant was to have the notes on account of his claim. On February 21st, the plaintiffs sued out the writ in this cause. On the 26th, the trustee accepted service thereof. On March 5th, the claimant sent a written notice to the trustee that the notes had been assigned to him, and that he was the legal holder and owner thereof, but she was away from home, and did not receive it until the 7th or 8th. On the 9th the writ was served on the defendant. The commissioner found that there was no fraud in the transaction stated, but that the disposition made of the notes was in accordance with the promise of the defendant and his wife to the claimant.

At the June Term, 1878, Caledonia County, the court, Ross, J., presiding, rendered judgment on the report that the trustee be discharged with costs, and that the claimant was entitled to the funds, with costs; to which the plaintiffs excepted.

*L. D. Hathaway*, for the plaintiffs.

The execution of the notes to the wife did not put them out of the reach of this process. She gave no value for them. *Van Amee* v. *Jackson*, 35 Vt. 173; *Boutwell* v. *McClure*, 30 Vt. 674; *Wheeler* v. *Winn*, 38 Vt. 122; *Jones* v. *Spear*, 21 Vt. 426; *Crane* v. *Stickles*, 15 Vt. 252; *Seymour* v. *Cooper*, 25 Vt. 141.

The trustee did not have legal notice of the assignment. The notice should have been given by the claimant, or by his procurement. *Dale* v. *Kimpton*, 46 Vt. 76, and cases *passim*.

*J. O. Livingston*, for the defendant and the claimant.

The wife had a sufficient interest in the estate conveyed to furnish a consideration for the sum in dispute. *Ballard* v. *Briggs*, 7 Pick. 533. But whether she had an interest in the estate or not, the notes having been made payable to her without fraud, the trustee was *prima facie* her debtor.

Thus, no notice was necessary. *Marsh* v. *Davis*, 24 Vt. 363; *Ayott* v. *Smith*, 40 Vt. 533. The case is distinguishable from *Seymour* v. *Cooper*, 25 Vt. 141.

But, if notice was necessary, the notice given was sufficient,

*Downer* v. *Marsh*, 28 Vt. 558 ; *Brickett* v. *Nichols*, 30 Vt. 743 ; *Seward* v. *Garlin*, 33 Vt. 584 ; *Barron* v. *Porter*, 44 Vt. 587.

The opinion of the court was delivered by

BARRETT, J. The notes evidencing the debt for which it is sought to hold the trustee, were made payable and delivered to the wife of the defendant. They were passed to the claimant in pursuance of an arrangement that he was to have the pay for the land for which the notes were given, in payment for rent and provisions, a cow and a pig, and money advanced for the support of the defendant's family. The defendant had an interest, as heir, in that land, and it was for the purchase of that interest by the trustee that the notes were given. The transactions were *bona fide* and meritorious as between the parties, and in relation to all interests. So no element of fraud is involved to affect the question as to the liability of the trustee, and as to the rights of the claimant. Nor is the case affected by the statutory provision as to transferred negotiable paper and notice of transfer. The legal title to the notes was in the payee when given, and so continued till the notes were passed to the claimant in pursuance of the agreement between him and defendant and defendant's wife on the 3d day of February, 1877. The trustee process in this case was sued out and service of it was accepted by the trustee on February 26, 1877.

The question is, whether the trustee, at the time of accepting service, was the debtor of the defendant in such a sense as to render the debt subject to the trustee process. In point of fact and of law, aside from our trustee statutes, the trustee owed those notes to the claimant, and the same could have been enforced against her by suit in the name of the claimant as plaintiff. The only legal right the husband had in the notes prior to their going into the hands of the claimant, was, as husband, to reduce them to possession as his wife's *chose in action*. We have not understood the trustee law as enabling a creditor of the husband to do that by trustee process, and appropriate the money to the payment of the husband's debt. But in this case the notes had been appropriated before this process, to the payment of another creditor,

by the concurrent action of husband and wife, so as to give that creditor all the legal right that both husband and wife had in the notes.    But under a long series of decisions in this State, the wife's personal rights, as between her and her husband, both as to personal property, money, and choses in action, have been fully recognized and established where such personal rights are accorded to the wife by the husband.    A striking case is that of *Curtis* v. *Hapgood,* and stated in *Child* v. *Pearl,* 43 Vt. 224.

                                   *Judgment affirmed.*